IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

MARIAH J.,

      Plaintiff,

v.

ANDREW SAUL, Commissioner
of Social Security,[1]

      Defendant.

Civil Action No.
6:18-CV-0908 (DEP)

APPEARANCES:                              OF COUNSEL:

FOR PLAINTIFF

BINDER BINDER LAW FIRM                    CHARLES E. BINDER, ESQ.
485 Madison Avenue                        DANIEL S. JONES, ESQ.
Suite 501
New York, NY 10022

FOR DEFENDANT

HON. GRANT C. JAQUITH                     JUNE L. BYUN, ESQ.
United States Attorney for the            Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

---

[1] Plaintiff's complaint named Nancy A. Berryhill, as the Acting Commissioner of Social Security, as the defendant. On June 4, 2019, Andrew Saul took office as Social Security Commissioner. He has therefore been substituted as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, and no further action is required in order to effectuate this change. *See* 42 U.S.C. § 405(g).

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[2] Oral argument was conducted in connection with those motions on August 22, 2019, during a telephone conference held on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

---

[2] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

ORDERED, as follows:

1) Plaintiff's motion for judgment on the pleadings is GRANTED.

2) The Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

3) The matter is hereby REMANDED to the Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4) The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: August 28, 2019
Syracuse, NY

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
MARIAH J.,

                                      Plaintiff,

-v-                                   6:18-CV-908

NANCY A. BERRYHILL, ACTING COMMISSIONER
OF SOCIAL SECURITY,

                                      Defendant.
------------------------------------------------------x
```

**TRANSCRIPT OF PROCEEDINGS**
**BEFORE THE HONORABLE DAVID E. PEEBLES**
August 22, 2019
100 South Clinton Street, Syracuse, New York


For the Plaintiff:
(Appearance by telephone)

    LAW OFFICE OF CHARLES E. BINDER & HARRY J. BINDER
    485 Madison Avenue
    Suite 501
    New York, New York 10022
    BY: **DANIEL S. JONES, ESQ.**

For the Defendant:
(Appearance by telephone)

    SOCIAL SECURITY ADMINISTRATION
    26 Federal Plaza
    Room 3904
    New York, New York 10278
    BY: **JUNE L. BYUN, ESQ.**


*Hannah F. Cavanaugh, RPR, CSR, NYACR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York 13261-7367*
*(315) 234-8545*

                    (In chambers.  Counsel present by telephone.  Time
noted:  2:29 p.m.)
                    THE COURT:  I have before me a request for judicial
review of an adverse determination by the Commissioner of Social
Security pursuant to 42, United States Code, Section 405(g) and
1383(c)(3).
                    The background is as follows:  Plaintiff was born in
March of 1977.  She is currently 42 years old, was 37 years old
at the time of her alleged disability onset date of January 2,
2015.  Plaintiff is 5'4" in height and weighs anywhere between
195 and 197 pounds.  She has been characterized as obese.
                    Plaintiff has a local high school diploma.  When she
attended high school, she was classified as learning disabled.
She has attended one semester of college at Mohawk Valley
Community College.  Plaintiff lives in a house with a son who's
12 years old and has special needs.  Plaintiff drives and has a
license.
                    In terms of work, plaintiff has worked as a
substitute teacher in various settings over the span of 1999 to
2010.  In addition, she was a retail cashier and stock person
part-time from 2002 to 2003.  She was a full-time childcare
worker from 2000 to 2001.  She was in a customer service
position at an insurance agency between 2003 and 2005.  The
evidence is equivocal as to whether she stopped for medical
reasons or whether she was fired.  She also served as a customer

service relation person in a bank in 2010 for six months. She resigned from that position due to anxiety.

Plaintiff suffers from both physical and mental impairments. Physically, she suffers from fibromyalgia, neck pain, back pain, migraines, asthma, bilateral hip pain, bilateral knee pain, and right ankle pain. She has testified that, and has told care providers that, her pain is often as high as eight to ten on a scale of one to ten. She has been observed on occasions as having an antalgic gait. She underwent left knee surgery by Dr. Sullivan in June of 2016.

The testimony of the plaintiff suggests that she suffers from migraine headaches approximately 12 times out of 30 days, that's at page 54. She told Dr. Miller that she has migraines one time per month and every one to five days, that's at 345. The plaintiff has treated at Slocum Dickson Medical Group where she has seen a physiatrist, Dr. Michael McNulty, and a primary doctor, Dr. Mohsin Syed. She has also seen Physician's Assistant Jessica Kast from March of 2015 and Dr. Michael Miller at Bassett Hospital, as well as Dr. John Sullivan, an orthopedic specialist at Slocum, and Dr. Allan Smiley, a rheumatologist. Mentally, plaintiff suffers from -- oh, she also underwent left knee surgery by Dr. Sullivan, but I guess I mentioned that.

Plaintiff suffers from ADHD, anxiety, and depression. She has not, however, received any specialized treatment, but

stated that she was going to go to a neighborhood center for an evaluation. She was evaluated, apparently by Dr. David Stang, on September 30, 2017, who observed that she suffers from major depressive disorder, social anxiety disorder, generalized anxiety disorder, PTSD, and ADHD.

In terms of medications, plaintiff has been prescribed over time various medications including Gabapentin, Propanolol, Duloxetine -- which is, I think, Cymbalta -- Furosemide, Clonazepam or Klonopin, Lisinopril, Hydralazine, Lexapro, Ventolin, Depakote, Topamax, and has had injections of Botox, Toradol, and Baclofen.

In terms of daily living activities, plaintiff, when she can, testified that she cooks, cleans, does laundry, shops two to three times a month. She can do childcare, shower, dress, and watch television.

Procedurally, plaintiff applied for Supplemental Security Income, or SSI, benefits on January 2, 2015, alleging an onset date of January 2, 2015, the date of the application. She claimed disability based on ADHD, fibromyalgia, hip problems, anxiety, and depression. I note that there was an earlier, apparently, Title II application filed in February 2012. That was denied after a hearing by an ALJ on March 1, 2013.

In connection with the current application, plaintiff testified at a hearing, along with a vocational expert, held on

February 22, 2017, by Administrative Law Judge Kenneth Theurer. The ALJ issued a decision on April 12, 2017, finding that plaintiff was not disabled at the relevant times and therefore ineligible for the benefits sought. On November 17, 2017, the Social Security Administration Appeals Council denied plaintiff's request for a review.

In his decision, the ALJ applied the familiar five-step sequential test for determining disability. At step one, he concluded plaintiff had not engaged in substantial gainful activity since the date of her application.

At step two, he concluded that plaintiff suffers from severe impairments that impose a significant limitation on her ability to perform basic work functions, including fibromyalgia, lumbosacral spondylosis, migraine headaches, anxiety disorder, depressive disorder, and Attention-Deficit/Hyperactivity Disorder.

He concluded, however, at step three that those did not meet or medically equal any of the listed presumptively disabling conditions set forth in the Commissioner's regulations, specifically considering listings 1.04, the 14.00 series, 12.04, 12.06, and 12.11.

He then found that plaintiff retains the residual functional capacity, or RFC, to occasionally lift ten pounds, sit for approximately six hours, and stand or walk for approximately two hours in an eight-hour day with normal breaks.

He went on to provide that she can occasionally climb ramps or stairs, but never ladders, ropes, or scaffolds.  She can also occasionally balance, stoop, kneel, crouch, and crawl.  The claimant should avoid smoke, dust, and other known respiratory irritants and she is limited to simple routine and repetitive tasks in a work environment free of fast paced production requirements, and that involves only simple work-related decisions with few, if any, workplace changes.  The claimant must also be able to alternate from a seated to a standing position or vice versa two times per hour for five minutes while remaining on task.  Applying that RFC, the ALJ concluded that plaintiff is incapable of performing her past relevant work as an insurance customer service relations representative.

At step five, after noting that if plaintiff could perform a full range of sedentary work, the Medical-Vocational Guidelines, and specifically Grid Rule 201.28, would direct a finding of no disability.  He concluded, with the benefit of a vocational expert's testimony, that notwithstanding plaintiff's other limitations, exertional and nonexertional, she can perform as a ticket taker, a document preparer, and an order clerk (food and beverage).

The ALJ did note that the sit/stand option was not addressed in the Dictionary of Occupational Titles, but that the vocational expert applied professional experience to conclude that that would not preclude the plaintiff from performing in

those positions.

As you know, the Court's standard of review is extremely deferential. I must determine whether correct legal principles were applied and the determination is supported by substantial evidence, which is defined as sufficient evidence for a reasonable person to conclude that a fact is established.

Going first to the argument of sitting, there are several opinions that specifically addressed sitting. Dr. McNulty, on August 7, 2014, at page 20, limited plaintiff to four hours in an eight-hour workday. Dr. McNulty subsequently, in December of 2014, also confirmed the four-hour limitation at 355. Physician's Assistant Kast, on February 11, 2016, also opined that plaintiff can only sit for four hours in an eight-hour workday, that's at 494. Dr. Jenouri, in his February 24, 2017, opinion, limited plaintiff to four hours, that's at 713 and 715. However, Dr. Jenouri, on March 8, 2016, limited plaintiff to six hours of sitting in an eight-hour workday, that's page 504. Dr. Sullivan concluded that plaintiff could sit for eight hours in an eight-hour workday, that's on February 29, 2016, and that's at 595.

In my view, it was for the Administrative Law Judge to choose between these conflicting opinions. The Administrative Law Judge at page 30 explained his reasoning for settling on six hours and so I do not find error in connection with that argument.

1          In terms of what I used to call credibility, the
2  evaluation of plaintiff's symptomology under SSR 16-3p, I do not
3  agree that the Administrative Law Judge simply used boilerplate
4  language without sufficiently outlining his reasoning.  It is
5  true that at the bottom of page 29 and the top of page 30 he
6  uses language that is clearly boilerplate language that we see
7  in most opinions, but he, both before his RFC assessment when he
8  was discussing the listings, and also on pages 30 and 31, he
9  analyzes the available evidence and I am able to glean his
10 rationale even though he did not specifically address each and
11 every one of the regulatory factors that are specified in the
12 ruling.
13         I will say in that regard, I'm not sure I agree,
14 respectfully, with my colleague Magistrate Judge Jeffrey Cole in
15 *Minger v. Berryhill*, 307 F. Supp. 3d 865, a case cited by the
16 plaintiff.  He found fault in the fact that the analysis of
17 symptomology came after the residual functional capacity
18 finding.  In my view, as long as it's explained, obviously the
19 ALJ's thinking is memorialized, whether it came before or after
20 the RFC finding.  It clearly went into the calculus that lead to
21 the RFC determination, so I don't find error in that regard.
22         I am troubled, however, with regard to the absentee
23 issue.  Obviously, the vocational expert testified that more
24 than one absence per month would make plaintiff unemployable,
25 and I'm summarizing and simplifying.  In my view, that goes

directly to the heart of a disability determination. So the question is: Did plaintiff establish, as it was her burden, that she was likely to be absent more than one time per month. There are several opinions that speak to it.

Dr. David Stang, on October 2, 2017, at page 11, opined that plaintiff would be absent more than three times per month. Dr. Michael McNulty, on August 7, 2017, that's at page 20, opined that plaintiff would be absent two to three times per month. Dr. McNulty also, on December 27, 2014, again indicated plaintiff would be likely absent two to three times per month, that's at 357. Dr. Michael Miller opined that plaintiff would be absent more than three times per month, that's December 11, 2014, and that's at 349. Physician's Assistant Jessica Kast stated on February 11, 2016, plaintiff would be absent more than three times per month, that's at page 496. Dr. John Sullivan opined on February 29, 2016, that plaintiff would be absent two to three times per month, that's at page 598. Dr. Jenouri, in his two reports, did not opine on the issue.

There is no contrary medical opinion specifically addressing this issue. As I indicated before, at page 61, the vocational expert testified that a person who's absent more than one time per month would not be employable. The ALJ merely says that these opinions are speculative and essentially is substituting his medical judgment for the judgment of these various treatment providers and, in my view, that is improper.

1         And I think very -- I read very carefully a case
2   cited by the Commissioner, and that is 606 F. App'x 621, it's a
3   Second Circuit case from 2015.  I think that that's
4   distinguishable.  That was the source that -- the source opinion
5   that was rejected there was from a consultive source who opined
6   that the plaintiff could not maintain a regular schedule.  In
7   this case, we have multiple treating sources that have rendered
8   that type of opinion and those opinions are uncontradicted by
9   any medical opinions in the record.
10        So I don't find persuasive proof of disability.  I
11  think the matter should be looked at and an explanation should
12  be given -- a better explanation should be given as to why the
13  various opinions on absenteeism were rejected.  And in that
14  regard, the agency may see fit to pose interrogatories, to
15  recontact treating sources, or to ask a consultive examiner an
16  opinion concerning that issue.
17        So I'll grant judgment on the pleadings to plaintiff
18  without a directed finding of disability and remand the matter
19  for further proceedings.
20        Thank you both for excellent arguments and I hope you
21  have a good day.
22             MR. JONES:  Thank you, your Honor.
23             MS. BYUN:  Thank you, your Honor.
24             (Time noted:  2:47 p.m.)
25

11

```
 1
 2                 CERTIFICATE OF OFFICIAL REPORTER
 3
 4
 5            I, HANNAH F. CAVANAUGH, RPR, CSR, NYACR, Official
 6   U.S. Court Reporter, in and for the United States District Court
 7   for the Northern District of New York, DO HEREBY CERTIFY that
 8   pursuant to Section 753, Title 28, United States Code, that the
 9   foregoing is a true and correct transcript of the
10   stenographically reported proceedings held in the above-entitled
11   matter and that the transcript page format is in conformance
12   with the regulations of the Judicial Conference of the United
13   States.
14
15                      Dated this 28th day of August, 2019.
16
17                      x _Hannah F. Cavanaugh_____
18                        HANNAH F. CAVANAUGH, RPR, CSR, NYACR
19                        Official U.S. Court Reporter
20
21
22
23
24
25
```

HANNAH F. CAVANAUGH, RPR, CSR, NYACR
Official U.S. Court Reporter